# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10910
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 19, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PATRICK MOODY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CR-365-1

Before HIGGINBOTHAM, HAYNES and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Patrick Moody was convicted of possession of heroin with intent to distribute and being a felon in possession of a firearm and was sentenced to serve 72 months in prison and a three-year term of supervised release. In this appeal, he challenges the district court's denial of his motion to suppress. Consistent with his arguments in the district court, he insists that the driveway where an officer was standing when he smelled marijuana was part

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the curtilage and that the officer was thus trespassing when he was there. Thus, he argues, the affidavit upon which the search warrant was based was grounded in a falsehood vis-à-vis the officer's assertion that he was where he had a right to be when he smelled marijuana coming from Moody's home.

In analyzing the denial of a suppression motion, we review factual findings for clear error and the ultimate constitutionality of law enforcement action de novo. *United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010*); United States v. Cherna*, 184 F.3d 403, 406-07 (5th Cir. 1999). Where, as here, a search warrant is involved, we use a two-step process for considering a district court's denial of a motion to suppress. *Cherna*, 184 F.3d at 407. First, we ask whether the good-faith exception to the exclusionary rule applies. *Id.* If it does, no further analysis is necessary, and the district court's denial will be affirmed. *Id.* If the exception does not apply, however, we proceed to the second step: "ensur[ing] that the magistrate had a substantial basis for concluding that probable cause existed." *Id.* (internal quotation marks, citation, and ellipsis omitted).

Our review of the record and pertinent jurisprudence supports the district court's conclusion that Moody's driveway was not part of the curtilage of his home. *See United States v. Beene*, 818 F.3d 157, 162 (5th Cir. 2016), *petition for cert. filed*, No. 15-9651 (June 8, 2016). Accordingly, Moody has not shown that the affidavit underlying the warrant was grounded in a falsehood, nor has he shown that the searching officers did not act in good faith by relying on the warrant, and there is no need to conduct any further analysis. *See Cherna*, 184 F.3d at 407.

AFFIRMED.